**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

*Caption in Compliance with D.N.J. LBR 9004-1(b)*

Turner N. Falk, Esquire
**SAUL EWING LLP**
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
(215) 972-8415
*Counsel to American Textile Company, Inc.*

| | |
|---|---|
| In re: | Chapter 11 |
| BED BATH & BEYOND, INC., *et al.*,[1] | Case No. 23-13359 (VFP) |
| Debtor. | (Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2] <br><br> Plaintiff, <br><br> v. <br><br> American Textile Company, Inc., <br><br> Defendant. | Adv. No. 24-01388 (VFP) |

### ANSWER AND AFFIRMATIVE DEFENSES OF AMERICAN TEXTILE COMPANY INC. TO PLAINTIFF'S COMPLAINT

Defendant American Textile Company, Inc. ("Defendant") files this Answer and

Affirmative Defenses (the "Answer") to the Complaint[3] filed by Michael Goldberg, as Plan

---

[1]    The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2]    Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

[3]    All capitalized defined terms herein have the same meaning as in the Complaint.

Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond Inc.) (the "Plan Administrator").   In support of the Answer, Defendant states respectfully as follows:

## NATURE OF THE CASE

1.      Defendant admits that the allegations in Paragraph 1 of the Complaint state the statutory and legal predicates for the relief sought therein, but denies the remaining allegations in Paragraph 1 to the extent they seek an admission of liability.

2.      Defendant admits that the allegations in Paragraph 2 of the Complaint state the statutory and legal predicates for the relief sought therein, but denies the remaining allegations in Paragraph 2 to the extent they seek an admission of liability.

## JURISDICTION AND VENUE

3.      Defendant admits the allegations of Paragraph 3.

4.      Defendant admits the allegations of Paragraph 4.  Defendant consents to entry of final orders and judgment by the Court.

5.      Defendant admits the allegations of Paragraph 5.

6.      Defendant admits the allegations of Paragraph 6.

## PROCEDURAL BACKGROUND

7.      Defendant admits the allegations of Paragraph 7.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

## THE PARTIES

10.      Defendant admits the allegations of Paragraph 10.

11.      Defendant admits the allegations of Paragraph 11.

## **FACTUAL BACKGROUND**

12.     Defendant admits the allegations of Paragraph 12.

13.     Defendant admits the allegations of Paragraph 13.

14.     Defendant admits the allegations of Paragraph 14.

15.     Defendant admits the allegations of Paragraph 15.

16.     Defendant admits the allegations of Paragraph 16.

17.     Defendant admits that it entered into Agreements to provide goods to the Debtors. Defendant denies the characterization of the amounts set forth on Exhibit A, as the terms used by Plaintiff therein such as "Invoice Amount" and "Invoice Number" are not supported by Defendant's records and the dollar amounts disclosed on Exhibit A are internally contradictory.

18.     Defendant admits that one or more of the Debtors made the Transfers to Defendant during the Preference Period, and that the "Debtor Transferor(s)" of these Transfers is reflected on Exhibit A.  Defendant denies the remaining allegations of this paragraph as the terms "Check Number," "Check Amount," and "Check Clear Date" do not appear on Exhibit A.

19.     Defendant admits the allegations of Paragraph 19.

20.     Defendant admits the allegations of Paragraph 20.

21.     Defendant is without knowledge or information sufficient to sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and, therefore, denies same.

22.     Defendant is without knowledge or information sufficient to sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and, therefore, denies same.

23.     Defendant is without knowledge or information sufficient to sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and, therefore, denies same.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

24.     Defendant restates and realleges its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

25.     Defendant admits the allegations of Paragraph 25.

26.     Defendant admits the allegations of Paragraph 26.

27.     Defendant admits that it was a creditor of the Debtors at the time of each Transfer, but denies that the Debtors were obligated to pay following delivery, as the Transfers represented prepayments for goods subsequently delivered.

28.     Defendant denies that the Transfers reduced or fully satisfied a debt, as the Transfers represented prepayments for goods subsequently delivered.

29.     Defendant denies that the Transfers were made for, or on account of, an antecedent debt owed by the Debtors, as the Transfers represented prepayments for goods subsequently delivered.

30.     Defendant admits the allegations of Paragraph 30.

31.     Defendant admits the allegations of Paragraph 31.

32.     Defendant denies the allegations of Paragraph 32, as Defendant holds a secured claim against the Debtors in excess of the amount of the Transfers.  As Defendant would have been paid at least the amount its secured claim in a hypothetical liquidation, it did not receive more on account of the Transfers than it would have received in a hypothetical liquidation.

33.     Defendant denies the allegations of Paragraph 33 as a legal conclusion.

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

34.     Defendant restates and realleges its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

35.     Defendant denies the allegations of Paragraph 35 to the extent that paragraph asserts that the Debtors did not receive reasonably equivalent value.  Defendant provided all goods prepaid by the Transfers to the Debtors, providing reasonably equivalent value.  Defendant is without knowledge of whether the Debtors were insolvent at the time of the Transfers, became insolvent as a result, had unreasonably small capital or intended to incur debts beyond their ability to repay.

36.     Defendant denies the allegations of Paragraph 36 as a legal conclusion.

## Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

37.     Defendant restates and realleges its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

38.     Defendant denies the allegations of Paragraph 38 as a legal conclusion.

39.     Defendant admits it was the initial, immediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made, but denies the Transfers are Avoidable Transfers.

40.     Defendant denies the allegations of Paragraph 40 as a legal conclusion.

## Fourth Claim for Relief
### (Turnover of Property or the Value of Such Property – 11 U.S.C. § 542)

41.     Defendant restates and realleges its responses to the preceding paragraphs of the Complaint as though fully set forth herein.

42.     Defendant denies the allegations of this paragraph, as the Debtors were not entitled to receive Deduction/Program Funds, but were originally entitled to a credit on their next invoice pursuant to the terms of the Agreements; pursuant to a later agreement between the Debtors and Defendant, the Debtors waived all rights to Deduction/Program Funds in exchange for a 10% discount on past and future orders.

43.     Defendant denies the allegations of Paragraph 43, as the Debtors received goods on account of all alleged Non-Receipt Payments.

44.     Defendant denies the allegations of this paragraph, as the Turnover Amount represents a credit available only to reduce outstanding amounts owed by the Debtors, not property that Defendant can hold.  Defendant further denies the allegations of this paragraph because the Debtors waived all rights to Deduction/Program Funds in exchange for a 10% discount on past and future orders.

45.     Defendant denies the allegations of this paragraph, as the Turnover Amount represents a credit available only to reduce outstanding amounts owed by the Debtors, not property of the Debtors' estates.  Defendant further denies the allegations of this paragraph because the Debtors waived all rights to Deduction/Program Funds in exchange for a 10% discount on past and future orders.

46.     Defendant denies the allegations of this paragraph because the Turnover Amount does not represent property that Defendant can possess.  Defendant further denies the allegations of this paragraph because the Debtors waived all rights to Deduction/Program Funds in exchange for a 10% discount on past and future orders.

47.     Defendant denies the allegations of Paragraph 47 as a legal conclusion.

**Fifth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

48.     Defendant restates and realleges its responses to the preceding paragraphs of the

Complaint as though fully set forth herein.

49.     Defendant denies the allegations of Paragraph 49 as it is not the recipient of any

avoidable transfers or an entity from which property is recoverable.

50.     Defendant denies the allegations of this paragraph as it is not in "possession" of the

Turnover Amount, the Debtors waived any entitlement thereto, and the Turnover Amount is not

"property" of the Debtors' estates.

51.     Defendant denies the allegations of Paragraph 51 as a legal conclusion.

52.     Defendant denies the allegations of Paragraph 52 as a legal conclusion.

**PRAYER FOR RELIEF**

To the extent the Prayer for Relief contained in the Complaint requires a response,

Defendant denies that the Plan Administrator is entitled to any relief requested in the Prayer for

Relief.

**GENERAL DENIAL**

To the extent Defendant has not answered any allegation within the Complaint, Defendant

denies any and all such allegations.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant states the following defenses to the Complaint, but does not assume the burden

of proof on such defenses, except as required by law with respect to the particular defense asserted:

1.      The Transfers are excepted from avoidance as a contemporaneous exchange for

new value pursuant to 11 U.S.C.§ 547(c)(1).

2.      The Transfers are excepted from avoidance as payments in the ordinary course or according to ordinary business terms pursuant to 11 U.S.C.§ 547(c)(2).

3.      The Transfers are excepted from avoidance on account of subsequent new value provided by Defendant pursuant to 11 U.S.C.§ 547(c)(4).

4.      Plaintiff's claims are barred by 11 U.S.C. §§ 548(c) and 550(b)(1) because Defendant received the Transfers for value and in good faith and without knowledge of the purported avoidability of such transfers.

5.      Plaintiff's claim are barred by the doctrine of waiver.

6.      Plaintiffs' claims are barred by the express, implied, or equitable release of the rights now asserted.

7.      Plaintiff's claims are barred on account of accord and satisfaction.

8.      Plaintiffs' claims are barred by the doctrine of res judicata.

9.      Plaintiffs' claims are barred by the applicable statute of limitations, laches, and the statute of repose.

10.     In the event that it is determined that American Textile owes any amounts to the Plan Administrator, American Textile is entitled to setoff and/or recoup any such amounts from and/or against amounts due and owing to American Textile from the Debtors' estates.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that this Court grant the following relief:

a.      Judgment dismissing Plaintiffs' claims;

b.        An award of attorneys' fees and costs; and

c.        Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

American Textile hereby demands a trial by jury on all causes of action and issues so triable.

Dated: November 22, 2024                        **SAUL EWING LLP**

_/s/ Turner N. Falk_
Turner N. Falk, Esq., NJ SBN 13367-2016
Center Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone: (215) 972-8415
Email: turner.falk@saul.com